James MOSBY, Plaintiff–Appellant,

v.

WILLIAM FLOYD UNION FREE SCHOOL DISTRICT, William Floyd Board of Education, Vincent Pascale, President; Jeananne Dawson, Vice President; Richard Colby; William Guiducci; Anthony Liberti; Mark Mensch and Patrick Nocerino, Richard J. Hawkins, Superintendent of Schools; Dennis Fidotta, Assistant Superintendent, Michael Belkin, Senior Guard also known as Director of Security, Michael Schildkraut, Assistant Superintendent for Personnel, Barbara E. Butler, Principal, Glenn Maillard, Assistant Principal, Robert Feeney, Principal of William Floyd High School, Anthony Vetrano, Assistant Chief of Security, each in its individual and official capacities, Suffolk County Civil Service Commission of the State of New York, Defendants–Appellees.

No. 09–1842–cv.

United States Court of Appeals, Second Circuit.

Feb. 3, 2010.

Rick Ostrove, Leeds Morelli & Brown, P.C., Carle Place, NY, for Appellant.

Howard M. Miller (Terry O'Neil and Jessica C. Satriano, on the brief), Bond, Schoeneck & King, PLLC, Garden City, NY, for Appellees.

PRESENT: JOSÉ A. CABRANES, ROSEMARY S. POOLER, GERARD E. LYNCH, Circuit Judges.

### AMENDED SUMMARY ORDER

Plaintiff-appellant James Mosby ("plaintiff") formerly worked as a security guard at the William Floyd Union Free School District (the "District"). He brought this action against the District and numerous officials associated with the District (collectively, "defendants") claiming, principally, that defendants violated Title VII and New York law by subjecting him to a hostile work environment and by failing to promote him to the position of Director of Security within the District. Plaintiff also brought a claim for unlawful retaliation and claims under 42 U.S.C. § 1983 and § 1985.

The District Court granted summary judgment to defendants with respect to each of plaintiff's claims. Plaintiff appeals that ruling arguing (1) that he "proved" or "established" each of his claims or, alternatively, (2) that the record contained genuine issues of material fact that precluded summary judgment.

We review a district court's summary judgment rulings de novo, asking whether there were any genuine issues of material

fact and, if there were not, whether the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003). Undertaking that review, we affirm the District Court's grant of summary judgment to defendants for substantially the reasons set forth in the District Court's memorandum and order.

## CONCLUSION

For the foregoing reasons, the March 31, 2009 judgment of the District Court is **AFFIRMED.**